UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

AARON E. BOORSTEIN                                        CASE NO.: 14-30088-RBR
                                                          Chapter 7
    Debtor(s)
_____/

KENNETH A. WELT, as chapter 7 trustee for                 Adv. Pro. No. _____
Aaron Boorstein, and DANIEL KAPLAN,

    Plaintiffs,

v.

AARON BOORSTEIN,

    Defendant.
_____/

## VERIFIED COMPLAINT
## FOR TURNOVER, DECLARATORY AND INJUNCTIVE RELIEF

> Pursuant to Chapter II, Section 2, Paragraph III of the Court's CM/ECF Guide, which requires a clearly defined statement at the beginning of the first page of the Complaint, the Trustee represents that the Estate is currently insolvent and requests the filing fee be deferred

Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of Aaron Boorstein and Daniel Kaplan (*"Dr. Kaplan"*), by and through their undersigned counsel, sue Defendants Aaron Boorstein (the *"Debtor"*), and state as follows:

**I.    PARTIES, JURISDICTION AND VENUE**

   **A.  Parties**

   1.   The Trustee is the duly authorized and acting Chapter 7 Trustee of the Debtor's estate (the *"Estate"*) created pursuant to Section 541 of the Bankruptcy Code,

   2.   On September 6, 2014 (the *"Petition Date"*), after the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the *"Bankruptcy Code"*).

   3.   Debtor is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida.

   **B.  Jurisdiction and Venue**

   4.   This Court has jurisdiction over the subject matter of this action pursuant to 11 U.S.C § 105, and 28 U.S.C. §§ 157(a) and (b) and 1334(b).

   5.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

   6.   Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**II.   GENERAL ALLEGATIONS**

   7.   Medical Affiliates, P.L. (the *"Practice"*) was organized under the laws of the State of Florida on July 13, 2011, as a for-profit professional limited liability company.

   8.   The Practice was owned by its two equal members, Dr. Kaplan and the Debtor, each of which owned 50% of the Practice.

   9.   Dr. Kaplan and the Debtor were the managing members of the Practice.

   10.  The Debtor scheduled a "50% ownership" interest in the Practice (the *"Debtor's Membership Interest"*).

   11.  The Debtor did not claim the Debtor's Membership Interest as exempt.

12. As such, the Debtor's Membership Interest became property of the bankruptcy estate, and is owned by Kenneth A. Welt, as trustee for the Debtor's bankruptcy estate;

13. Thus, the Debtor's economic interests or distributions from the Practice are property of the bankruptcy estate, including but not limited to the capital account of the Debtor.

14. On March 5, 2015, Dr. Kaplan called a Special Meeting of the Members of Medical Affiliates, P.L. for March 16, 2015.

15. At the meeting, the *Resolution of the Members* (which is attached as **Exhibit A**), passed without opposition (the ***"Resolution"***).

16. The Resolution *inter alia* authorized the appointment of Dr. Kaplan as the sole manager of the Practice for the time being.

17. Following the Resolution, Dr. Kaplan, on behalf of the practice, decided to terminate the employment of the Debtor, effective immediately, and the Debtor was terminated (or will be terminated) on March 16, 2015.

## COUNT I
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

18. The Trustee and Dr. Kaplan reassert the allegations contained in paragraphs 1 - 17 as if fully set forth herein.

19. There exists an actual controversy with respect to whether the Debtor remains an owner of the Practice and has a right to manage the Practice.

20. The Debtor has continued to attempt to exercise complete dominion and control of the Practice and its assets to the detriment of the Trustee and Dr. Kaplan.

21. A finding that the Debtor's Membership Interest is not owned by the Debtor (postpetition) is necessary to prevent injustice.

22. A finding determining the rights of the estate and Dr. Kaplan with respect to the Debtor's Membership Interest and Medical Affiliates, P.L. is necessary to administer the estate and to prevent injustice.

**WHEREFORE,** the Trustee and Dr. Kaplan respectfully request the Court enter a declaratory judgment in favor of the Trustee and Dr. Kaplan and against the Debtor:

A. Determining that the Debtor's Membership Interest is not owned by the Debtor (postpetition), and that any continued interest in the Debtor's Membership Interest is owned by the estate;

B. Granting any and all further relief this Court deems fair and equitable.

## COUNT II
## TURNOVER AND ACCOUNTING PURSUANT TO 11 U.S.C. § 542

23. The Trustee reasserts the allegations contained in paragraphs 1 - 17 as if fully set forth herein.

24. Pursuant to 11 U.S.C. § 541, and a judgment on Count I, the Debtor's Membership Interest is property of the Debtor's bankruptcy estate and must be turned over to the Trustee.

25. Pursuant to 11 U.S.C. § 541, any and all distributions made on or after the Petition Date on account of the Debtor's Membership Interest are property of the Estate.

26. As alleged above, the Debtor has converted property of the estate for his own use, and has intentionally taken property of the estate post-petition, including but not limited to distributions and funds on account of the member interests in Medical Affiliates, P.L.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a judgment in favor of the Trustee and against the Debtor directing the Debtor to:

A. Turn over the Debtor's Membership Interest, and all property, proceeds, products, offspring, and distributions related thereto.

B. Provide an accounting of all property, including any monetary amounts, distributed thereon, as well as a general accounting vis a vis the Debtor's Membership Interest

C. Turn over all monies received from Medical Affiliates, P.L. (including distributions but excluding bona fide post-petition wages for post-petition services) to the Trustee;

D. Granting any and all further relief this Court deems fair and equitable.

## COUNT III
## INJUNCTION AND OTHER EQUITABLE RELIEF

27. The Trustee and Dr. Kaplan reassert the allegations contained in paragraphs 1 - 17 as if fully set forth herein.

28. Since the Petition Date, the Debtor has continued to pay personal expenses out of company assets, including, without limitation, personal payments for personal gasoline, insurance, air conditioning repair, hotels, flowers, and purchases at Best Buy.

29. Since the Petition Date, in October 2014, the Debtor caused a distribution to be made to himself, as a member, in the amount of $6,000.00, despite that any distributions owed are owed to the Trustee, not the Debtor.

30. In fact, despite having made the $6,000 distribution (with an accompanying $6,000.00 to the other member, Dr. Kaplan), upon information and belief the Debtor caused tax returns to be filed which reflect distributions of only $3,609.00.

31. Such tax returns were created and filed without the knowledge or consent of the Trustee or Dr. Kaplan.

32.     On March 11, 2015, without any knowledge or consent, Dr. Kaplan received a K-1, indicating 2014 distributions of $3,609.00, despite Dr. Kaplan (and presumably Debtor's) knowledge that such amounts are not correct. A copy of Dr. Kaplan's K-1 is attached as **Exhibit B**.

33.     Dr. Kaplan and Trustee believes it is likely that Debtor caused an equally incorrect K-1 to be generated for the Trustee.

34.     Moreover, on February 27, 2015, the Debtor caused the Practice to open a new account (the *"0367 Account"*) at Bank of America in the Practice's name, without informing the Trustee or Dr. Kaplan.

35.     While no access was provided to the Trustee or Dr. Kaplan for the 0367 Account, (perhaps) because the account was held in the same name as the Practice's existing Bank of America Account (the *"Existing Account"*), Dr. Kaplan discovered that he had view-only access on his iPad to the 0367 Account, despite never having been informed as to its existence.

36.     On March 9, 2015, based on Dr. Kaplan's review of the 0367 account, Dr. Kaplan discovered that on March 9, 2015, $10,000.00 was transferred from the Existing Account to the 0367 Account (the *"10k Transfer"*). Screenshots of the Existing Account and 0367 Account evidencing the 10K Transfer are attached as **Composite Exhibit C**

37.     Upon information and belief, the Debtor made the 10k Transfer to hide Practice Assets from the Estate and Dr. Kaplan.

38.     The Debtor, while initially cooperative, has prevented the Trustee access to the books and records of Medical Affiliates, P.L.

39. An injunction is necessary in order to prevent the Debtor from continuing to dissipate, secret, conceal or transfer the assets of the Practice to the detriment of the Debtor's creditors, the Practice, Dr. Kaplan, and this bankruptcy estate.

40. Unless the Court issues an injunction or some other form of equitable relief to stop Debtor from dissipating or secreting the assets of the Practice, Dr. Kaplan and the Trustee (on behalf of the Debtor's estate and his creditors) will suffer irreparable harm and will have no adequate remedy at law to recover the assets of Practice for the benefit of the Estate.

41. The threatened injury to the Trustee on behalf of the Debtor's bankruptcy estate and his creditors outweighs any threatened harm an injunction may cause Debtor, as the Debtor has no right to continue participating in the practice and will, therefore, suffer no harm.

42. An injunction would serve the public interest because it will dissuade Debtor from fraudulently transferring and secreting the Practice's assets to avoid payment of the Debtor's creditors, while at the same time enjoying the benefits of the Practice's assets.

**WHEREFORE**, the Trustee and Dr. Kaplan respectfully request that an injunction, or some other form of equitable relief, be granted to stop Debtor from concealing, dissipating or secreting any assets of the Practice, or the proceeds thereof, to remove any access that the Debtor may have to the Practice or its assets, to enforce the automatic stay and damages for violation of the automatic stay and to provide any further relief that this Court deems just, fair and equitable.

## COUNT IV
### ENFORCEMENT OF AUTOMATIC STAY AND DAMAGES

43. The Trustee reasserts the allegations contained in paragraphs 1 - 17 and 28-42 as if fully set forth herein.

44. Among other provisions, the automatic stay including, 11 U.S.C. § 362(a)(3) prohibits any "act . . . to exercise control over property of the estate."

45. The Debtor has violated the automatic stay as alleged above, including but not limited to as alleged in paragraphs 28-42.

46. The Trustee is entitled to injunctive relief, including but not limited to enforcement of the automatic stay and preventing acts to control property of the estate.

47. The Trustee has incurred and is entitled to recover damages related to violation of the automatic stay.

*Remainder of Page Intentionally Left Blank*

**WHEREFORE**, the Trustee respectfully requests judgment including injunctive or other relief enforcing the automatic stay, damages for violation of the automatic stay, attorney's fees and costs and any further relief that this Court deems just, fair and equitable.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746 and § 92.525, Fla. Stat., I declare under penalty of perjury under the laws of the United States of America and the State of Florida that I have read the foregoing document, that I have personal knowledge of the facts and allegations therein, and the facts stated in ¶¶ 7, 8, 9, 14, 15, 16, 17, 19, 20, 28-36 of the *Verified Complaint for Turnover, Declaratory and Injunctive Relief* are true and correct to the best of my knowledge.

_____
Dr. Daniel Kaplan

Respectfully submitted,

| | |
|---|---|
| **RICE PUGATCH ROBINSON & SCHILLER, P.A.** | **MELAND RUSSIN & BUDWICK, P.A.** |
| *Counsel to the Trustee* | *Attorneys for Dr. Kaplan* |
| 101 NE 3rd Ave., Suite 1800 | 3200 Southeast Financial Center |
| Fort Lauderdale, FL 33301 | 200 South Biscayne Boulevard |
| Telephone: (954) 462-8000 | Miami, Florida 33131 |
| Facsimile: (954) 462-4300 | Telephone: (305) 358-6363 |
| | Telecopy: (305) 358-1221 |
| By: /s/ Craig Pugatch | By: _____ |
| CRAIG A. PUGATCH | Lawrence E. Pecan, Esquire |
| Florida Bar No. 653381 | Florida Bar No. 990866 |
| capugatch@rprslaw.com | lpecan@melandrussin.com |

## Resolution of the Members of
## Medical Affiliates, P.L.

WHEREAS, Medical Affiliates, P.L. (the "Company") was organized under the laws of the State of Florida on July 13, 2011;

WHEREAS, the Company was owned by its two equal members, Daniel Kaplan and Aaron Boorstein, each of which owned 50% of the Company;

WHEREAS, Aaron Boorstein and Daniel Kaplan were the managing members of the Company;

WHEREAS, on September 6, 2014, Aaron Boorstein filed a voluntary bankruptcy petition under chapter 7 of title 11 of the United States Code;

WHEREAS, Kenneth A. Welt was appointed the trustee of Aaron Boorstein's bankruptcy estate;

WHEREAS, the Articles of Organization signed July 12, 2011 provide that "the members of this P.L. shall be physicians licensed under Chapter 458 F.S. or 459 F.S.";

WHEREAS, Kenneth A. Welt is not a physician;

WHEREAS, in spite of such limitation, the membership interest owned by Aaron Boorstein became property of the bankruptcy estate, and is owned by Kenneth A. Welt, as trustee for Aaron Boorstein's bankruptcy estate;

WHEREAS, any economic interest or distribution in the Company is property of the bankruptcy estate, including the capital account of Aaaron Boorstein.

WHEREAS, Kenneth A. Welt cannot vote, as he is not a physician;

WHEREAS, Aaron Boorstein, no longer possesses an economic interest as a member, including an interest in his capital account.

WHEREAS, it is in the best interest of the Company that it continue to operate.

{Firm Clients/5543/5543-1/01590570.DOCX.}


EXHIBIT A

NOW THEREFORE, be it resolved that:

1. The Articles of Organization shall be amended, in the form attached as Exhibit 1 to
    a. Update the applicable statutory references;
    b. Remove Aaron Boorstein as a manager;
    c. Provide Daniel Kaplan is presently the sole manager;
    d. Permit Kenneth A. Welt to appoint a physician as a second manager, in his discretion;
2. Aaron Boorstein shall shall not manage the Company, and shall have no right to bind the Company.
3. The Company shall open new bank accounts and transfer all funds held in its existing accounts to the new accounts, for which Daniel Kaplan will be the sole signature authority.
4. The Company shall change all its locks and provide copies of keys to Kenneth A. Welt.
5. So long as Kenneth A. Welt as Trustee in Bankruptcy maintains an interest in the Company:
    a. All payments outside the ordinary course must be presented to Kenneth A. Welt one week prior to such payment, to which Kenneth A. Welt may object by emergency motion to the United States Bankruptcy Court for the Southern District of Florida;
    b. Kenneth A Welt shall have access to all financial records and information of the Company, subject to restrictions of HIPAA and applicable confidentiality.

    c. Kenneth A Welt shall have access to all records of the Company subject to an appropriate standard business associate agreement, subject to restrictions of HIPAA and applicable confidentiality.

    d. The Operating Agreement cannot be amended.

Dated this 16th day of March 2015.

                                                     *[signature]*
                                                     **Dr. Daniel Kaplan**
                                                     Member and Sole Manager

# AMENDED ARTICLES OF ORGANIZATION
# OF MEDICAL AFFILIATES, P.L.

The undersigned, being authorized to execute and file these Articles of Organization, hereby certifies that:

### ARTICLE I –Name:

The name of the limited liability company (hereinafter referred to as the "Company") is "Medical Affiliates, P.L."

### ARTICLE II –Address:

The mailing address and street address of the principal office of the Company is:
50 NE 26th Ave.
#203
Pompano Beach, FL 33062

### ARTICLE III –Registered Agent, Registered Office and Registered Agent's Signature:

The name and Florida Street address of the Company's registered agent is: Daniel Kaplan, M.D., at 4020 Galt Ocean Dr. #1408, Fort Lauderdale, FL 33308.

*Having been named as registered agent and to accept service of process for the above stated limited liability company at the place designated in this certificate, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provision of all statutes relating to the proper and complete performance of my duties and I am familiar with and accept the obligations of my position as registered agent as provided for in Chapter 605 F.S.*

_____
Daniel Kaplan, M.D.

### ARTICLE IV –Limitation on Agency Authority of Members:

Pursuant to section 605.04074 of the Florida Limited Liability Company Act, no member of the Company shall be an agent of the Company solely by virtue of being a member.

### ARTICLE V –Limitation on Ownership and Purpose:

This Company is organized for the purpose of rendering medical and related services and transacting any and all lawful business permitted for such a professional service corporation under Chapters 608 and 621 of the F.S. and pursuant to Chapter 621 F.S., the members of this P.L. shall be physicians licensed under Chapter 458 F.S. or 459 F.S.

Notwithstanding any contrary provision of these Articles of Organization or any applicable Operating Agreement, in the event that, in spite of this Article V, a membership interest comes to be owned by a non-physician, by operation of title 11, United States Code, then for the purposes of voting any interest, including for determination of a quorum, unanimous written consent, or similar provision, the interest owned by such non-physician shall be ignored, and the remaining membership interests shall have such rights as if they were the only membership interests, except that such non-physician shall be permitted to call a meeting for the sole purpose of exercising a right by such non-physician to appoint a licensed physician (who is not a member) as an additional manager.

## ARTICLE VI –Name and Address of Managers:

The name and address of the managers are:
Title: MGR
DANIEL KAPLAN, M.D.
50 NE 26th Ave.#203
Pompano Beach, FL 33062


**IN WITNESS WHEREOF, I have signed these Articles of Organization and acknowledged them to be my act this ___ day of March 2015.**


_____
Signature of authorized representative

(In accordance with Section 605.0201(4), Florida Statutes, the execution of this affidavit constitutes an affirmation under the penalties of perjury that the facts stated herein are true.)

<u>Daniel Kaplan, M.D.</u>
Typed or printed name of signee

651113

**Schedule K-1**
**(Form 1065)**
**2014**

For calendar year 2014, or tax year beginning _____ ending _____

Department of the Treasury
Internal Revenue Service

☐ Final K-1  ☐ Amended K-1

**Partner's Share of Income, Deductions, Credits, etc.** • See separate instructions.

### Part I  Information About the Partnership

A Partnership's employer identification number
45-2817777

B Partnership's name, address, city, state, and ZIP code

MEDICAL AFFILIATES PLLC
50 NE 26TH AVENUE, SUITE # 203
POMPANO BEACH, FL 33062

C IRS Center where partnership filed return
Cincinnati, OH

D ☐ Check if this is a publicly traded partnership (PTP)

### Part II  Information About the Partner

E Partner's identifying number

F Partner's name, address, city, state, and ZIP code

DANIEL KAPLAN
4020 GALT OCEAN DRIVE
FT. LAUDERDALE, FL 33308

G ☒ General partner or LLC member-manager ☐ Limited partner or other LLC member

H ☒ Domestic partner ☐ Foreign partner

I1 What type of entity is this partner? Individual

I2 If this partner is a retirement plan (IRA/SEP/Keogh/etc.), check here ☐

J Partner's share of profit, loss, and capital (see instructions):

|  | Beginning | Ending |
|---|---|---|
| Profit | 50 % | 50 % |
| Loss | 50 % | 50 % |
| Capital | 50 % | 50 % |

K Partner's share of liabilities at year end:

Nonrecourse $ _____
Qualified nonrecourse financing $ _____
Recourse $ _____

L Partner's capital account analysis:

Beginning capital account $ 15,157.
Capital contributed during the year $ _____
Current year increase (decrease) $ 2,960.
Withdrawals & distributions $ ( 3,609.)
Ending capital account $ 14,508.

☒ Tax basis  ☐ GAAP  ☐ Section 704(b) book
☐ Other (explain)

M Did the partner contribute property with a built-in gain or loss?
☐ Yes  ☒ No
If Yes, attach statement (see instructions)

### Part III  Partner's Share of Current Year Income, Deductions, Credits, and Other Items

| | | | |
|---|---|---|---|
| 1 | Ordinary business income (loss) 3,148. | 15 | Credits |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | 16 | Foreign transactions |
| 4 | Guaranteed payments | | |
| 5 | Interest income | | |
| 6a | Ordinary dividends | | |
| 6b | Qualified dividends | | |
| 7 | Royalties | | |
| 8 | Net short-term capital gain (loss) | | |
| 9a | Net long-term capital gain (loss) | 17 | Alternative minimum tax (AMT) items |
| | | A | -610. |
| 9b | Collectibles (28%) gain (loss) | | |
| 9c | Unrecaptured section 1250 gain | | |
| 10 | Net section 1231 gain (loss) | 18 | Tax-exempt income and nondeductible expenses |
| 11 | Other income (loss) | C | 186. |
| | | 19 | Distributions |
| 12 | Section 179 deduction | A | 3,609. |
| 13 | Other deductions | 20 | Other information |
| 14 | Self-employment earnings (loss) | | |
| A | 3,148. | | |

*See attached statement for additional information.

BAA For Paperwork Reduction Act Notice, see Instructions for Form 1065.

**EXHIBIT B**




**$22,286.45**

| Date | Description | Type | Amount |
|---|---|---|---|
|  | **Amount Included in Available Balance** | | |
| Processing | CHECKCARD OFFICE DEPOT #19 POMPANO BEACH FL ON 03/09 | | -$14.93 |
| 03/09/2015 | Check 1638 | | -$225.00 |
| 03/09/2015 | Agent Assisted transfer to CHK 0367 Confirmation# 1692772429 | | -$10,000.00 |
| 03/09/2015 | LOWE'S #1792 1 03/09 #000059678 PURCHASE LOWE'S #1792 1851 POMPANO BEACH FL CKCD 5200 46357600266407 83 | | -$3.97 |
| 03/09/2015 | Deposit | | $400.00 |
| 03/09/2015 | Deposit | | $800.00 |
| 03/06/2015 | ADP PAYROLL FEES DES:ADP - FEES ID:2RIY4 7423045 INDN:MEDICAL AFFILIATES CO ID:9659605001 CCD | | -$52.94 |
| 03/06/2015 | *LINCOLN NATLIFE DES:PREMPAYMNT ID:ME7116895 INDN:MEDICAL AFFILIATES, P. CO ID:620RED1815 PPD | | -$349.33 |

