

## ORDERED in the Southern District of Florida on March 25, 2015.

**Raymond B. Ray, Judge**
**United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

AARON E. BOORSTEIN                                       CASE NO.: 14-30088-RBR
                                                                                 Chapter 7
    Debtor(s)
_____ /

KENNETH A. WELT, as chapter 7 trustee for         Adv. Pro. No. 15-01175-RBR
Aaron Boorstein, and DANIEL KAPLAN,

    Plaintiffs,

v.

AARON BOORSTEIN,

    Defendant.
_____/

### AGREED ORDER GRANTING INJUNCTION

    THIS MATTER came before the court without hearing upon the application (the "Application") of Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of Aaron Boorstein and Daniel Kaplan (*"Dr. Kaplan"*), for the entry of a preliminary injunction (the *"Application"*)[D.E. 2]. The Court, having considered the verified allegations in the verified complaint (the *"Verified*

*Complaint"*) and the Application, entered a temporary restraining order pursuant to Fed. R. Bankr. P. 7065 and scheduled a hearing on the request for preliminary injunction for March 26, 2015 at 9:30 a.m. The Court has been advised that the parties have agreed to the following terms of injunction, and being duly informed in the premises, enters injunctive relief on Count III of the complaint.

The Court, with the agreement of the parties, FINDS as follows:

1. The Trustee is the duly authorized and acting Chapter 7 Trustee of the Debtor's estate (the *"Estate"*) created pursuant to Section 541 of the Bankruptcy Code,

2. On September 6, 2014 (the *"Petition Date"*), after the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the *"Bankruptcy Code"*).

3. Medical Affiliates, P.L. (the "Practice") was organized under the laws of the State of Florida on July 13, 2011, as a for-profit professional limited liability company.

4. The Practice was owned by its two equal members, Dr. Kaplan and the Debtor, each of which owned 50% of the Practice.

5. Dr. Kaplan and the Debtor were the managing members of the Practice.

6. The Debtor scheduled a "50% ownership" interest in the Practice (the "Debtor's Membership Interest").

7. The Debtor did not claim the Debtor's Membership Interest as exempt.

8. The Debtor concedes that his membership interests in the Practice are property of the estate pursuant to 11 U.S.C. Sec. 541.

9. The parties have agreed to the terms of injunctive relief as set forth herein.

THEREFORE, it is ORDERED that:

I. Aaron Boorstein is restrained from

    a. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other Assets, or any interest therein, wherever located, including outside the United

States, that are legally or beneficially owned, controlled, or held by Medical Affiliates, P.L.

Entering the offices of Medical Affiliates, P.L without the consent of the Trustee. This restriction applies solely to 50 NE 26TH AVENUE, SUITE 203 POMPANO BEACH, FL 33062, which is the leased premises of Medical Affiliates, P.L. and does not apply to the parking lot or any other areas of 50 NE 26TH AVENUE, POMPANO BEACH, FL 33062

b. Opening or causing to be opened any bank accounts, safe deposit boxes, commercial mail boxes, or storage facilities in the name of Medical Affiliates, P.L.

c. Incurring charges or cash advances on any credit or bank card issued in the name, individually or jointly, of Medical Affiliates, P.L.,

II. Any financial or brokerage institution, credit card processor served with a copy of this Order that holds, controls, or maintains custody of any account or asset of Medical Affiliates, P.L., shall:

a. Hold and retain within its control and prohibit the withdrawal, removal, assignment transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such assets, as well as all documents or other property related to such assets **BY AARON BOORSTEIN**.

b. Shall remove any access of Aaron Boorstein to any accounts held, individually or jointly by Medical Affiliates, P.L.

III. Medical Affiliates, P.L. shall retain within its control and prohibit the withdrawal, removal, assignment transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any of its assets, as well as all documents or other property related to such assets pending further order of the Court.

IV. Notwithstanding paragraph III, Medical Affiliates, P.L may pay expenditures as required for the ordinary course of its business operations with written notice to the Trustee during the pendency of this Bankruptcy Case, or pending further order of this Court.

V. Medical Affiliates, P.L shall not make any disbursements of profits, return of capital, or other payments to or on account of any member without the consent of the Trustee, pending further order of this Court.

VI. Aaron Boorstein's rights, if any, to contact patients shall be governed by applicable non-bankruptcy law.

VII. Dr. Kaplan shall cause the personal items belonging to Dr. Boorstein to be gathered, boxed, and delivered to Dr. Boorstein at a mutually agreeable time, no later than seven (7) days after the entry of this order. No property of Medical Affiliates, P.L. shall be removed unless agreed by the Plaintiffs. Any item which is in dispute as to ownership, or any item which Dr. Boorstein alleges has not been delivered to him, shall be identified and left in place pending a determination by the Court regarding its ownership.

VIII. The Court expressly reserves any ruling on the remaining relief requested in the Complaint, and all parties' rights and defenses are preserved with respect thereto, including without limitation any claim for damages related to turnover of proceeds, entitlement to compensation or distribution, and the amount of distributions, if any, and any additional injunctive relief upon proper motion to the Court.

###

Submitted by:

Craig A. Pugatch, Esq.
RICE PUGATCH ROBINSON & SCHILLER, P.A.
101 N.E. Third Avenue, Suite 1800
Ft. Lauderdale, FL 33301
Phone: (964) 462-8000
Fax:    (954) 462-4300
capugatch@rprslaw.com

Copies furnished to:

Craig A. Pugatch, Esq.

Attorney Pugatch is directed to serve a conformed copy of this Order on all interested parties, and file a certificate attesting to any such service.